IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DONYA MITCHELL,** | : |
| **Plaintiff** | : |
| v. | :     5:03-CV-157 (WDO) |
| **MICHAEL OVERBEY, et al.,** | : |
| **Defendants** | : |

**ORDER**

Plaintiff, a former employee of the Butts County Sheriff's Department, sued Sheriff Pope and Major Michael Overbey alleging sexual harassment and other claims. After this Court entered summary judgment in the Defendants' favor on all claims, Plaintiff appealed. The court of appeals affirmed finding in pertinent part that Overbey's conduct was not sufficiently severe or pervasive so as to have created a hostile work environment, that Overbey's behavior did not interfere with Plaintiff's job performance, that Overbey's behavior did not culminate in a tangible employment action, that Plaintiff did not complain about Overbey and thus did not give the Sheriff an opportunity to remedy the alleged harassment and that Plaintiff failed to demonstrate a causal link between her resignation and the alleged harassment. Defendants moved for attorney's fees incurred in defending this action. Plaintiff's only response to the motions for fees was a motion arguing this Court did not have jurisdiction over the fee petition while the matter was on appeal. After the court of appeals affirmed and the case was remanded to this Court, Plaintiff never filed a substantive response to the motions for fees.

1

"Although attorney's fees are typically awarded to successful Title VII plaintiffs as a matter of course, prevailing defendants may receive attorney's fees only when the plaintiff's case is 'frivolous, unreasonable, or without foundation.'"  Quintana v. Jenne, 414 F.3d 1306, 1309 (11th Cir. 2005) (citation omitted).  "Factors that are 'important in determining whether a claim is frivolous' include '(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.'"  Id. (citation omitted).

In this case, all three factors weigh in favor of Defendants.  For the claims on which Defendants seek fees, Plaintiff failed to establish a prima facie case and all were patently frivolous.  Neither Defendant ever offered to settle.  Finally, this matter was resolved on summary judgment, and has been affirmed on appeal.  Defendants clearly set forth and documented their requests for attorney's fees.  A review of the fee requests show the number of hours billed and the hourly rate requested are reasonable.  Further, Plaintiff did not object to the fees in any way.  Accordingly, Defendants' requests for attorney's fees are GRANTED: $30,672.50 in favor of Defendant Overbey and $30,000 in favor of Defendant Pope.

**SO ORDERED this 28th day of September, 2006.**


**S/
WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE**